1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   PHANHAHA XABANDITH,

11              Petitioner,            No. CIV S-09-2550 LKK DAD P

12       vs.

13   FRANCISCO JACQUEZ[1],             ORDER AND

14              Respondent.            FINDINGS AND RECOMMENDATIONS

15   _____/

16              Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas

17   corpus pursuant to 28 U.S.C. § 2254.  Before the court is respondent's motion to dismiss the

18   petition as untimely filed.  Petitioner has filed an opposition to that motion and respondent has

19   filed a reply.

20   /////

21   /////

22   _____

23        [1] Petitioner has named Robert A. Horel as respondent in this action.  Respondent
     requests the submission of Francisco Jacquez, current Acting Warden of Pelican Bay State
     Prison, as the correct respondent in this matter.  See Stanley v. California Supreme Court, 21
24   F.3d 359, 360 (9th Cir. 1994) ("A petitioner for habeas corpus relief must name the state officer
     having custody of him or her as the respondent to the petition."); Rule 2(a), 28 U.S.C. foll. §
25   2254); Cal. Code Regs. tit. 15, § 3379(a)(9)(I) (2009) (providing that an inmate transferred to an
     out-of-state facility remains under the legal custody of the CDCR).  Accordingly, the undersigned
26   will direct the Clerk of the Court to substitute the correct respondent.

                                          1

**BACKGROUND**

Petitioner challenges a 2006 judgment of conviction entered against him in the Sacramento County Superior Court on charges of assault with an assault weapon (Cal. Penal Code § 245(a)(3)), shooting from a motor vehicle (Cal. Penal Code § 12034(c)), possession of an assault weapon (two counts) (Cal. Penal Code § 12280(b)), and being a felon in possession of a firearm (three counts) (Cal. Penal Code § 12012(a)(1)).  The jury also found various enhancement allegations to be true.  (Petition at 1; Resp't's Lod. Doc. 1.)  Petitioner was sentenced to a determinate state prison term of thirty years and four months consecutive to an indeterminate state prison term of twenty-five years to life in prison.  (Resp't's Lod. Doc. 1.)

Petitioner appealed from his conviction to the California Court of Appeal for the Third Appellate District.  On May 2, 2007, the state appellate court affirmed the judgment of conviction.  (Resp't's Lod. Doc. 2.)  Petitioner then sought review in the California Supreme Court, which was denied on July 11, 2007.  (Resp't's Lod. Doc. 3-4.)

Petitioner subsequently filed three post-conviction collateral challenges in the state courts.[2]  On June 30, 2008[3], petitioner filed a petition for writ of habeas corpus in the Sacramento County Superior Court.  (Resp't's Lod. Doc. 5.)  On August 15, 2008, that court denied the petition on the merits.  (Resp't's Lod. Doc. 6.)  On December 27, 2008, petitioner constructively filed a petition for writ of habeas corpus in the California Court of Appeal for the Third Appellate District.  (Resp't's Lod. Doc. 7.)  On January 8, 2009, the California Court of Appeal summarily denied the petition.  (Resp't's Lod. Doc. 8.)  On February 20, 2009. petitioner constructively filed a petition for writ of habeas corpus in the California Supreme Court.  (Resp't's Lod. Doc. 9.)  The California Supreme Court summarily denied that petition on August

---

[2]  Unless otherwise noted, the mailbox rule is applied in determining the date of filing of these petitions.  See Houston v. Lack, 487 U.S. 266, 276 (1988)

[3]  Because this petition does not include a signature or proof of service date, the court is unable to apply the mailbox rule in determining the date of filing of this petition.

1  12, 2009, In re Swain, 34 Cal. 2d 300, 304 (1949).  (Resp't's Lod. Doc. 10.)

2          On August 29, 2009, petitioner signed his federal habeas petition and it was filed

3  by this court on September 4, 2009.  (Doc. No. 1.)  On November 20, 2009, petitioner filed an

4  amended petition which is the operative petition in this action.  (Doc. No. 12.)

5                               **PARTIES' ARGUMENTS**

6          Respondent contends that the one-year statute of limitation for the filing of a

7  federal habeas petition in this case began to run on October 9, 2007, when petitioner's judgment

8  of conviction became final, and continued to run for 265 days until June 30, 2008, the date on

9  which petitioner filed his habeas petition with the Sacramento County Superior Court.  (Resp't's

10  Mot. to Dismiss (hereinafter "MTD") at 3-4.)  Respondent argues that petitioner is not entitled to

11  statutory tolling for the 134-day period between the Sacramento County Superior Court's denial

12  of that petition on August 15, 2008 and his filing of his habeas petition with the California Court

13  of Appeal on December 27, 2008, because, according to respondent, petitioner's delay in filing

14  the latter petition was unreasonable.  (Id. at 4-5.)

15          Respondent concedes that the one-year limitations period for seeking federal

16  habeas relief was statutorily tolled for 47 days during the pendency of the habeas petition before

17  the Sacramento County Superior Court.  Accordingly, respondent asserts that the last day for

18  petitioner to file a timely federal habeas petition in this case was November 25, 2008.  (Id. at 5.)

19  Because petitioner's second and third state habeas petitions were filed after that date, respondent

20  argues, they do not extend or toll the running of the AEDPA limitations period.  (MTD at 5-6.)

21  Thus, respondent concludes, the instant petition was filed over nine months after the statute of

22  limitations expired and is time-barred.  (Id. at 5.)

23          In opposing the motion to dismiss, petitioner claims that he is entitled to statutory

24  tolling of the limitations period "for the period between the June 30, 2008 filing of his first

25  habeas petition in superior court and the August 12, 2009 denial by the California Supreme Court

26  of the final petition[,]" a total of approximately fourteen months.  (Opposition to MTD

1 (hereinafter "Opp.") at 4.)

2        Petitioner also alleges that "he was denied access to his legal materials from May

3 26, 2008 through December 2, 2008" and is thus entitled to equitable tolling of the AEDPA

4 statute of limitations during that period.  (Id.)  Specifically, petitioner represents that "[d]uring

5 the applicable time period" he "was doing extensive legal research and investigation" and that,

6 on May 26, 2008, "the investigation was halted due to [petitioner's] placement in administrative

7 segregation where he was denied access to his legal materials for significant periods of time."

8 (Opp. at 2.)  As a result, petitioner states he "had no choice but to file" his first state habeas

9 petition in the Sacramento County Superior Court "with what he could recall from his memory."

10 (Id.)  Petitioner further claims that, while in administrative segregation, he "requested [] his legal

11 materials numerous times, which was denied, and caused a four month gap" before filing his

12 habeas petition in the court of appeal.  (Id.)  Given the applicability of statutory and/or equitable

13 tolling, petitioner argues, the habeas petition filed with this court was submitted in a timely

14 fashion and respondent's motion to dismiss should be denied.

15                **STATUTE OF LIMITATIONS UNDER THE AEDPA**

16        Because this action was filed after April 26, 1996, the provisions of the

17 Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are applicable.  See Lindh v.

18 Murphy, 521 U.S. 320, 336 (1997); Clark v. Murphy, 331 F.3d 1062, 1067 (9th Cir. 2003).  The

19 AEDPA imposed a one-year statute of limitations on the filing of federal habeas petitions.  Title

20 28 U.S.C. § 2244 provides as follows:

21                (d) (1)  A 1-year period of limitation shall apply to an application
                for a writ of habeas corpus by a person in custody pursuant to the
22                judgment of a State court.  The limitation period shall run from the
                latest of –
23
                    (A)  the date on which the judgment became final by the
24                conclusion of direct review or the expiration of the time for
                seeking such review;
25
                    (B)  the date on which the impediment to filing an
26                application created by State action in violation of the Constitution

4

or laws of the United States is removed, if the applicant was
prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was
initially recognized by the Supreme Court, if the right has been
newly recognized by the Supreme Court and made retroactively
applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or
claims presented could have been discovered through the exercise
of due diligence.

(2)  The time during which a properly filed application for State
post-conviction or other collateral review with respect to the
pertinent judgment or claim is pending shall not be counted toward
any period of limitation under this subsection.

The AEDPA statute of limitations is tolled during the time a properly filed

application for post-conviction relief is pending in state court.  28 U.S.C. § 2244(d)(2).  The

statute of limitations is not tolled during the interval between the date on which a decision

becomes final and the date on which the petitioner files his first state collateral challenge.  Nino

v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  Once state collateral proceedings are

commenced, a state habeas petition is "pending" during a full round of review in the state courts,

including the time between a lower court decision and the filing of a new petition in a higher

court, as long as the intervals between petitions are "reasonable."  See Evans v. Chavis, 546 U.S.

189, 192 (2006); Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

In reviewing habeas petitions from California, the Ninth Circuit formerly

employed a rule that where California courts did not explicitly dismiss a habeas petition for lack

of timeliness, the petition was presumed timely.  The United States Supreme Court has now

rejected this approach and requires the lower federal courts to determine whether a state habeas

petition was filed within what California would consider a reasonable period of time.  Chavis,

546 U.S. 189.  When a state post-conviction petition is determined to be untimely by a state

court, that is the end of the matter for purposes of § 2244(d)(2).  Bonner v. Carey, 425 F.3d 1145,

1148 (9th Cir. 2005) (citing Pace v. DiGuglielmo, 544 U.S. 408 [, 414], 125 S. Ct. 1807, 1812

1   (2005)); <u>see</u> <u>also</u> <u>Carey</u>, 536 U.S. at 226.  However, in the absence of a clear indication that

2   petitioner's state habeas petitions were denied as untimely, this court is now charged with the

3   duty of independently determining whether petitioner filed his state habeas petitions within what

4   California would consider a reasonable time.  <u>Chavis</u>, 546 U.S. at 198.

5                                                    **ANALYSIS**

6   _____As noted above, petitioner's judgment of conviction became final on October 9,

7   2007.  The AEDPA statute of limitations for the filing of a federal habeas petition began to run

8   on October 10, 2007 and continued to run for 265 days until petitioner filed his first state petition

9   for habeas relief in the Sacramento County Superior Court on June 30, 2008.

10          Petitioner claims that the one-year limitations period for seeking federal habeas

11  relief should be statutorily tolled throughout the pendency of all his state court habeas

12  proceedings, i.e., between June 30, 2008 and August 12, 2009, when the California Supreme

13  Court denied his third and final state petition.  As noted, respondent concedes that the statute of

14  limitations was statutorily tolled for 47 days while petitioner's petition was pending before the

15  Sacramento County Superior Court .  However, the parties disagree as to the tolling effect of the

16  134-day interval between the Superior Court's decision to deny relief on August 15, 2008 and

17  petitioner's filing of his habeas petition with the California Court of Appeal on December 27,

18  2008.  Upon consideration, the undersigned concludes that the AEDPA limitations period was

19  statutorily tolled during this interval.

20          In reaching this conclusion, the court has taken into account the following.  In

21  <u>Chavis</u> the U.S. Supreme Court acknowledged that in California, a state prisoner may seek

22  review of an adverse lower court decision by filing a habeas petition in a higher court, and that

23  such a petition is timely if it is filed within a "'reasonable time.'"  546 U.S. at 192-93.  In

24  deciding in that case whether the three-year interval between the California Court of Appeal's

25  denial of habeas relief and the petitioner's filing of a habeas petition with the California Supreme

26  Court was reasonable, the Supreme Court concluded that in "viewing every disputed issue most

                                                         6

favorably to Chavis, there remains a totally unexplained, hence unjustified, delay of at least six months." 546 U.S. at 201.   In that context, the Supreme Court stated as follows:

> Six months is far longer than the "short period[s] of time," 30 to 60 days, that most States provide for filing an appeal to the state supreme court. Saffold, supra, at 219, 122 S. Ct. 2134.  It is far longer than the 10-day period California gives a losing party to file a notice of appeal in the California Supreme Court, see Cal. App. Ct. Rule 28(e)(1) (2004).  We have found no authority suggesting, nor found any convincing reason to believe, that California would consider an unjustified or unexplained 6-month filing delay "reasonable."  Nor do we see how an unexplained delay of this magnitude could fall within the scope of the federal statutory word "pending" as interpreted in Saffold.

Id.  Thus, "Evans made clear that an unexplained delay of six months between the denial of one California state court and a new filing in a higher California court was too long to permit tolling of the federal limitations period on the ground that state court proceedings were 'pending.'" Waldrip v. Hall, 548 F.3d 29, 735 (9th Cir. 2008).  However, "whether an unexcused delay, of greater than 30 to 60 days but less than six months, in filing a California state habeas petition would be considered 'reasonable' by the California courts, has been left to the lower federal courts to determine on habeas review."  Sigmon v. Kernan, No. CV 06-5807 AHM (JWJ), 2009 WL 1514700 at *5 (C.D. Cal. May 27, 2009).[4]

The Supreme Court's acknowledgment that such a determination may be difficult is well supported.[5]  As the Ninth Circuit has noted:

---

[4] One district court had determined that the following two-step analysis should be used to determine if a California petition is timely filed and entitled to gap tolling:  "First, when the delay is between sixty days and six months, the court should ask whether an unexcused delay of the given duration is reasonable under California law.  Second, if the court concludes that the delay is unreasonable, then the federal court must go on to decide whether the petitioner has a good excuse for the delay."  Gutierrez v. Dexter, No. CV 07-00122-MMM (MLG), 2008 WL 4822867 at *6 (C.D. Cal. Oct. 30, 2008).  See also Sigmon v. Kernan, No. CV 06-5807 AHM (JWJ), 2009 WL 1514700 at *5 (C.D. Cal. May 27, 2009).

[5] In what can fairly be characterized as a profound understatement, the Supreme Court recognized that "[g]iven the uncertain scope of California's 'reasonable time' standard, it may not be easy for the [lower federal courts] to decide in each such case whether the petitioner's state-court review petition was timely."  Chavis, 546 U.S. at 199.  In Bonner v. Carey, the Ninth

> California's timeliness rule bars habeas petitions that are filed after "substantial delay."  A habeas petitioner in California must justify any "significant" or "substantial" delay in seeking habeas corpus relief.  <u>Clark</u>, 21 Cal. Rptr. 2d 509, 855 P.2d at 738, 750-51.  There are no standards for determining what period of time or factors constitute "substantial delay" in noncapital cases.  There are also no standards for determining what factors justify any particular length of delay.
>
> \*\*\*
>
> <u>Clark</u> did nothing to clarify the application of the basic "substantial delay" standard with regard to noncapital cases.  Furthermore, the <u>Clark</u> exceptions, specifying when review can be granted despite "substantial delay," do nothing to clarify the "substantial delay" standard itself.

<u>King v. LaMarque</u>, 464 F.3d 963, 966 (9th Cir. 2006).  More recently, the Ninth Circuit has held that unexplained delays of 101, 115 and 146 days by California prisoners in seeking state habeas relief from the next highest state court is unreasonable for purposes of statutory tolling of the AEDPA statute of limitations.  <u>Chaffer v. Prosper</u>, 592 F.3d 1046, 1048 & n.1 (9th Cir. 2010) (noting that the California Supreme Court denied certification of the question when the Ninth Circuit sought guidance on the issue under California law); <u>Banjo v. Ayers</u>, 614 F.3d 964, 970 (9th Cir. 2010).  Although devoid of analysis of California law with respect to that State's

/////

/////

---

Circuit noted that it was ironic that the complicated procedure necessitated under the Supreme Court's decision in <u>Pace v. DiGuglielmo</u>, 544 U.S. 408 (2005) derives from the AEDPA a statute purportedly designed to streamline and simplify the complicated habeas process.  425 F.3d 1145, 1149 n.20 (9th Cir. 2005).  As this court has noted before, the same observation is applicable to the case-by-case analysis that federal courts in California must now engage in under <u>Evans v. Chavis</u> to determine whether state habeas petitions were filed within what California courts would have deemed to be a "reasonable time" had they elected to consider the issue.  <u>See</u> <u>Thomas v. Scribner</u>, No. CIV S-04-0733 MCE DAD P, 2006 WL 2711667, \*6, n.14 (E.D. Cal. Sept. 21, 2006).  All the while it becomes more and more clear that the most simple and streamlined procedure to address the vast majority of federal habeas petitions would be to address the merits.  Indeed, in the undersigned's experience, that is in fact what the California Court of Appeals and California Supreme Court elect to do in resolving the vast majority of state habeas petitions which come before those courts.

indeterminate timeliness rule, this court is bound by these decisions.[6]

In considering whether California courts would have found the habeas petition at issue in this case untimely had they elected to consider the issue, the undersigned finds it is also important to note that petitioner's case is not a capital case.  This is because California has been most concerned with the timeliness of habeas petitions in capital cases, providing a presumptive time period for timeliness applicable only to such cases.  See Chavis, 546 U.S. at 202 & 209 (Stevens, J., concurring) (quoting Cal. Rules of Court Policy Statement 3, std. 1-1.1 (Deering 2005) ("A petition for a writ of habeas corpus [in a capital case] will be presumed to be filed without substantial delay if it is filed within 180 days after the final due date for the filing of appellant's reply brief on the direct appeal . . . .")).  However, "California's time limit for the filing of a habeas corpus petition in a noncapital case is more forgiving and more flexible than

---

[6] Prior to these recent Ninth Circuit decisions no consensus has emerged among district courts in California as to the length of unexplained delay which is unreasonable in the wake of the decision in Chavis.  Osumi v. Giurbino, 445 F. Supp. 2d 1152, 1158-59 (C.D. Cal. 2006) (96 and 98-day unexplained intervals between decision and filing of the next petition were not unreasonable); Reddick v. Felker, No. Civ S-07-1147 JAM KJM P, 2008 WL 4754812, *3 (E.D. Cal. Oct. 29, 2008) (64-day delay is not unreasonable and is subject to statutory tolling); Payne v. Davis, No. C 06-5310 SBA (PR), 2008 WL 941969, *4 (N.D. Cal. Mar. 31, 2008) (63-day delay "well-within" the reasonable delay contemplated in Evans); Terrell v. Woodford, No. CIV S-07-0784 LKK EFB P, 2008 WL 508490, *6 (E.D. Cal. Feb. 22, 2008) (68-day interval found reasonable); Skoor v. Tilton, No. CIV 06-1601, 2008 WL 152144, *19 (S.D. Cal. Jan. 16, 2008) (six-month delay neither unjustified nor unreasonable under Chavis); Stowers v. Evans, No. CIV S-05-2067 MCE GGH P, 2006 WL 829140, *2-3 (E.D. Cal. Mar. 29, 2006) (87-day interval between denial and subsequent filing not unreasonable); Lor v. Kramer, No. CV F-05-1556 AWI SMS HC, 2007 WL 1723300, *1 (E.D. Cal. June 13, 2007) (140-day interval found unreasonable but suggesting 88-day passage of time between denial and filing of the next petition was not unreasonable);  Rodriguez v. Scribner, No. CV F-04-5530 DLB HC, 2006 WL 3762117, *5 (E.D. Cal. Dec. 20, 2006) (tolling 60 days of a 235-day delay in proceeding between levels of state habeas review because "the California Supreme Court would no doubt have found [it] reasonable"); but see Sigmon v. Kernan, No. CV 06-5807 AHM (JWJ), 2009 WL 1514700 at *5 (C.D. Cal. May 27, 2009) (unexplained 123-day delay would be found unreasonable by California courts); Forrister v. Woodford, No. CV F-05-00170 LJO WMW HC, 2007 WL 809991, *3 (E.D. Cal. Mar. 15, 2007) (88 day gap found unreasonable); Culver v. Director of Corrections, 450 F. Supp. 2d 1135, 1140-41 (C.D. Cal. 2006) (71 and 97-day periods found unreasonable).  This is not surprising in light of the uncertain scope of California's 'reasonable time' standard.  However, in any event, here the 134-day delay between the Sacramento County Superior Court's denial of habeas relief and petitioner's filing of the next application for habeas relief in the state appellate court has been explained.

1  that employed by most states." <u>Chavis</u>, 546 U.S. at 202 (Stevens, J., concurring).

2           Here, the 134 days between the Sacramento County Superior Court's denial of

3  petitioner's habeas petition and the filing of his next petition with the California Court of Appeal

4  is less than the six month period of unexplained delay that the U.S. Supreme Court in <u>Chavis</u>

5  found to be unreasonable but more than the 101 and 115 days found to be unreasonable, if

6  unexplained, by the Ninth Circuit in <u>Chaffer</u>.  Because under binding Ninth Circuit authority a

7  134-day period of unexplained delay between state habeas filings must be found "unreasonable"

8  under California law, this court must now turn to the questions of whether the delay has been

9  satisfactorily explained.  <u>See</u> <u>Gutierrez</u>, 2008 WL 4822867 at *6; <u>Sigmon</u>, 2009 WL 1514700 at

10  *5.  If so, the petition filed with the California Court of Appeal would be deemed timely by

11  California courts applying that State's indeterminate timeliness rule which, in turn, would entitle

12  petitioner to statutory tolling of the entire period that he was pursuing habeas relief in state court.

13           Here, petitioner has provided an explanation for his 134-day delay in pursuing his

14  state habeas remedies.  In this regard, he represents that he was "denied access to his legal

15  materials from May 26, 2008 through December 2, 2008" while confined in administrative

16  segregation, thereby delaying him in proceeding to the next highest state court seeking habeas

17  relief.  (Opp'n at 4.)  Indeed, respondent does not dispute that petitioner spent the first 109 days

18  of the 134-day period at issue in administrative segregation, and that he filed his habeas petition

19  with the California Court of Appeal less than one month after being released from administrative

20  segregation.  (<u>See</u> Reply to Opp. (hereinafter "Reply") at 2-3; <u>id.</u>, Ex. A.)  Rather, respondent

21  argues that because petitioner was able to file his habeas petition in the Sacramento Superior

22  Court while in administrative segregation, and because petitioner made several documented

23  requests to access legal materials and the law library during the time he was confined in

24  administrative segregation, the restrictive conditions of his confinement during that period does

25  not "reasonably" explain the 134-day gap in his pursuit of his state habeas remedies.  (<u>See</u> Reply,

26  Exs. B (petitioner's requests for legal materials dated June 17, 2008 and August 21, 2008); C

1    (petitioner's five requests for law library access dated September through November 2008).)

2    Respondent contends that these "records show that Petitioner was not denied access to legal

3    materials or the law library during this period." (Reply at 4.)

4            From these exhibits, it does appear that petitioner was provided access to the

5    prison law library on occasions during the relevant period of time.  (Id., Ex. C (indicating

6    petitioner received requested law library access on October 3, October 27, November 6,

7    November 26, and December 16, 2008).  However, petitioner also represents that during his

8    confinement in administrative segregation he sought access to "his" legal materials numerous

9    times and was denied such access.  (Opp'n at 2)  The record before this court does not indicate

10   when, if ever, petitioner was granted access to his legal materials during this time.  (See Reply,

11   Ex. B.)  Indeed, if anything, petitioner's numerous documented requests for legal materials and

12   law library access during the relevant time period tend to show his diligence in attempting to

13   pursue habeas relief in the state courts, despite the restrictive conditions of his confinement.

14   Finally, it is noteworthy that petitioner was proceeding pro se the entire time he was seeking

15   collateral relief.  Therefore, during periods when he was denied access to his legal materials there

16   could be no progress made in preparing his next state habeas petition.

17           As one court has noted "[t]he United Supreme Court has also implied that a delay

18   may be excused if the prisoner was unable to access the prison law library due to scheduling

19   conflicts or prison lockdowns."  Gutierrez, 2008 WL 4822867 at *5.  Accordingly, the

20   undersigned concludes that had California courts elected to consider the issue, they would have

21   concluded in light of petitioner's explanation for any delay that his habeas petition was timely

22   filed with the California Court of Appeal.  See In re Crockett, 159 Cal. App. 4th 751, 757 (2008)

23   ("A petitioner seeking relief on habeas corpus need only file a petition without substantial delay,

24   or if delayed, adequately explain the delay."); see also Warburton v. Walker, 548 F. Supp. 2d

25   835, 840 (C.D. Cal. 2008) (concluding that the petitioner was entitled to statutory "gap" tolling

26   of the AEDPA statute of limitations because his "69-day delay between the Superior Court's

1  denial of his habeas corpus petition and [his] subsequent filing of his habeas corpus petition in

2  the California Court of Appeals appears to be reasonable since, after his unsuccessful petition to

3  the Superior Court, petitioner refined his arguments and provided further factual and legal

4  support for his claims in his petition to the Court of Appeal."); Richardson v. Cate, No. C 09-

5  02227 WHA, 2010 WL 1486476, at *2-3 (N.D. Cal. Apr. 13, 2010) (135-day gap between

6  Superior Court denial and petitioner's habeas filing with the California Court of Appeal was

7  adequately explained and justified for statutory polling purposes by, among other factors having

8  to do with his counsel's circumstances, petitioner's placement in administrative segregation and

9  a mental health ward during that time).  Accordingly, this court will recommend that the 134-day

10 period between petitioner's state habeas proceedings in the Sacramento County Superior Court

11 and the California Court of Appeal be statutorily tolled.

12        The court also concludes that the 43-day interval between the California Court of

13 Appeal's denial of petitioner's habeas petition on January 8, 2009 and petitioner's filing of a

14 habeas petition in the California Supreme Court on February 20, 2009 constitutes a reasonable

15 delay subject to statutory tolling.  See Chavis, 546 at 201 (noting the "30 to 60 days, that most

16 States provide for filing an appeal to the state supreme court").  In sum, petitioner is therefore

17 entitled to tolling of the entire 408-day period from his filing of his first state habeas petition on

18 June 30, 2008 to the denial of his third and final state habeas petition on August 12, 2009, during

19 which he was reasonably pursuing his post-conviction remedies in the state courts without

20 substantial, unexplained delay.

21        With the statutory tolling of the nearly 14 months in question, it is clear that the

22 pending federal petition was timely filed.  Accordingly, respondent's motion to dismiss should be

23 denied.

24 /////

25 /////

26 /////

12

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court is to substitute Francisco Jacquez, Acting Warden of Pelican Bay State Prison, as respondent in this case.

IT IS HEREBY RECOMMENDED that:

1. Respondent's April 12, 2010 motion to dismiss the habeas petition as untimely (Doc. No. 17) be denied; and

2. Respondent be ordered to file an answer.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 31, 2011.

Dale A. Drozd

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:3
xaba2550..mtd

13