IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PHANHAHA XABANDITH,

    Petitioner,                   No. CIV S-09-2550 LKK DAD P

    vs.

FRANCISCO JACQUEZ,

    Respondent.                FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 18, 2011, respondent filed an answer to the petition. Pending before the court is petitioner's motion to amend his petition. Respondent has filed an opposition to the motion.

**PETITIONER'S MOTION TO AMEND**

        In his motion to amend, petitioner argues that he forgot to include one other ground for relief in his petition for habeas relief. Specifically, in his proposed "Ground 7", petitioner claims that the trial court admitted impermissible hearsay evidence at trial in violation of petitioner's rights under the Sixth Amendment.

        Respondent has opposed petitioner's motion to amend and argues, inter alia, that any amendment would be untimely.

**DISCUSSION**

As both parties are aware, on January 31, 2011, the undersigned issued findings and recommendations, recommending that respondent's motion to dismiss the petition as untimely be denied. On March 28, 2011, the assigned district judge adopted the findings and recommendations in full. In those findings and recommendations, the undersigned found that petitioner's judgment of conviction became final on October 9, 2007. The AEDPA statute of limitations for the filing of a federal habeas petition began to run on October 10, 2007, and continued to run for 265 days until petitioner filed his first state petition for habeas relief. The statute of limitations then tolled for 408 days, from his filing of his first state habeas petition on June 30, 2008, to the denial of his third and final state habeas petition on August 12, 2009. Under these circumstances, petitioner timely filed his original habeas petition on August 29, 2009.

However, the statute of limitations continued running during the pendency of this action, rendering petitioner's proposed "Ground 7", filed May 28, 2011, untimely because more than the 100 days remaining on the statute of limitations have long since passed. See Duncan v. Walker, 533 U.S. 167, 172-75 (2001) (unlike the filing of a state habeas petition, the filing of a federal habeas petition does not toll the statute of limitations).

A petitioner's amendments made after the statute of limitations has run will relate back to the date of his original pleading only if the new claims arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. See Mayle v. Felix, 545 U.S. 644 (2005). See also Rule 11, Fed. R. Governing § 2254 Cases (providing that the Federal Rules of Civil Procedure may be applied in habeas corpus proceedings to the extent that the rules of civil procedure are not inconsistent with any statutory provision or with the rules governing habeas cases). In Mayle, the Supreme Court explained that "[t]he 'original pleading' to which Rule 15 refers is the complaint in an ordinary civil case, and the petition in a habeas proceeding." Id. at 655. The Court observed that the complaint in an

ordinary civil case need only provide fair notice of the plaintiff's claim and the grounds on which the claim rests, while a habeas petition is required to specify all grounds for relief available to the petitioner and state the facts supporting each ground.  Id.  Because of this difference between civil complaints and habeas petitions, the relation back of new habeas claims "depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." Mayle, 545 U.S. at 659.  See also Hebner v. McGrath, 543 F.3d 1133, 1138 (9th Cir. 2008) (admission of evidence during a trial and the instructions given to the jury after the close of evidence are two discrete occurrences that do not share a common core of operative fact).

In this case, petitioner's proposed "Ground 7" regarding the trial court's purported admission of improper hearsay evidence does not share a common core of operative facts with his pending, timely filed claims.  See Mayle, 545 U.S. at 656 (amended claim must arise from the same "conduct, transaction, or occurrence" as original claim to relate back).  Accordingly, petitioner's proposed new claim for habeas relief does not relate back to his timely filed federal habeas petition and is barred by the applicable statute of limitations.

## CONCLUSION

For the reasons discussed above, IT IS HEREBY RECOMMENDED that petitioner's motion to amend (Doc. No. 31) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised

/////

/////

/////

1    that failure to file objections within the specified time may waive the right to appeal the District

2   Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3   DATED: August 11, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
xaba22550.mta

4